IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**UNITED STATES OF AMERICA**   CASE NO. 3:22-CR-48

    **Plaintiff,**   JUDGE MICHAEL NEWMAN

vs.   <u>**SENTENCING MEMORANDUM**</u>
<u>**OF DEFENDANT EVAN MORGAN**</u>

**DEM TECHNOLOGY LLC,**
**EVAN MORGAN**

    **Defendants.**

---

    The Presentence Investigation Report found that Evan Morgan does not have the ability to pay a fine. Accordingly, no fine was recommended in the Presentence Investigation Report. The Government did not object to the Presentence Investigation Report. In the Government's Sentencing Memorandum, it appears it will now argue Evan Morgan should receive a fine in addition to the significant fine the business agreed to pay.

    The Plea Agreement on page 13 paragraph 8 states in part: "Fine: If the Defendant has the ability to pay a fine, the Government agrees to recommend ...". Defense Counsel raises the issue now because Evan Morgan has taken over the business from his father due to his father's deteriorating health. It appears the Government intends to argue that Evan Morgan has the ability to pay a fine. Such an argument is not supported by the facts.

First, the Government's Sentencing Memorandum on page 4, misstates the Plea Agreement by stating ... "The parties agree that the amount of the fine shall be left to the discretion of the Court although the Government has agreed to recommend a within-guideline fine."  The Plea Agreement actually states the Government will recommend a fine *on the condition* Evan Morgan has the ability to pay.  This distinction is significant because the Presentence Investigation Report found that Evan Morgan does not have the ability to pay a fine.

In footnote 2 of the Government's Sentencing Memorandum, the Government states that Evan Morgan is in the process of taking over DEM Technology.  This is true.  Evan Morgan is taking over DEM Technology because his father can no longer serve in that function due to his mental capacity and his physical health.  Evan Morgan has taken on both the responsibility of overseeing the care of his father, but he also is carrying the financial burden.

David and Evan Morgan are not wealthy men. DEM Technology is paying a substantial fine of $175,000.00 in the instant matter.  In addition to the agreed fine, DEM Technology has other costs related the Plea Agreement including notice to customers and third parties.  It also is in the process of working with independent testing laboratories to be certain the all future labeling of the products meets with EPA regulations. Third party testing is expensive.

Any additional fine relating personally to Evan Morgan just because he is taking over for his ill father is punitive and does not serve the interests of justice in this case  The

Government's sentencing memorandum is not supported by facts. See footnote 2. Sadly, Evan Morgan will have additional expenses relating to his father's healthcare and he will not have the ability to pay a fine even after he takes over for his father.

For the reason set forth above, Evan Morgan agrees with the Presentence Investigation Report and asks this Court to follow its recommendation.

Respectfully submitted;

/s/ Dennis A. Lieberman
Dennis A. Lieberman (0029460)
Flanagan, Lieberman & Rambo
10 North Ludlow Street, Suite 200
Dayton, Ohio 45402
937-223-5200 Office
937-223-3335 Facsimile
lieberman@flrlegal.com

**Certificate of Service**

I hereby certify that on December 16, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system upon counsels of record.

/s/ Dennis A. Lieberman
Dennis A. Lieberman (0029460)